```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| RICARDO TORRES-CARABALLO, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>MUNICIPALITY OF YAUCO, et al.,<br><br>　　　Defendants. | Civil No. 07-1891 (JAF) |

**OPINION AND ORDER**

Plaintiffs, Ricardo Torres-Caraballo, Ramón Torres-Caraballo, and Roberto Torres-Mercado bring this action under 42 U.S.C. §§ 1983 and 1985, the Puerto Rico Constitution, and 31 L.P.R.A. § 5141 ("Article 1802") against Defendants, Municipality of Yauco; Yauco police officers Carlos Viera-Rivera, Luis Vélez-Lebrón, Radamés Figueroa-Torres, and Edwin Caraballo; an unknown insurance company, and various unknown officers or employees of the Yauco Municipal Police. Docket Document No. 1. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket Document No. 20. The motion is unopposed.

**I.**

**Factual and Procedural Synopsis**

We derive the following factual summary from Plaintiffs' complaint. Docket Document No. 1. As we must, we assume that all of

Civil No. 07-1891 (JAF)                                                      -2-

Plaintiffs' allegations are true and make all reasonable inferences in their favor. <u>Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d 30, 36 (1st Cir. 2001).

On September 26, 2006, Plaintiff Ricardo Torres, an individual diagnosed with schizophrenia, was carrying a machete. Defendant Viera pointed a gun at him and instructed him to put down the machete. Defendant Vélez also pointed his gun at Ricardo Torres and told him to put the machete down.  In response to the officers' instructions, Ricardo Torres screamed and called for his brother Ramón.

The officers arrested Ricardo Torres. After they handcuffed him, Viera handed Vélez another set of handcuffs. Vélez struck Ricardo Torres in the face with Viera's handcuffs. Defendant Caraballo prevented Ramón and Roberto Torres from interfering with the other officers' actions.

The officers took Ricardo Torres to the police station and released Ramón Torres.  Ramón Torres later went to the station where the officers then placed him under arrest.

The police held Ricardo and Ramón Torres in jail for two days before they appeared before a magistrate judge.

Plaintiffs filed the present complaint on September 25, 2007. <u>Docket Document No. 1</u>.  Defendants moved to dismiss on May 12, 2008. <u>Docket Document No. 20</u>.

## II.

### Motion to Dismiss Standard Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him, based solely on the pleadings, for the plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [non-movant]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether the plaintiff has stated a claim under which relief can be granted.

A plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-15 (2002). To survive a motion to dismiss, a plaintiff must allege facts that demonstrate "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1967 (2007)).

### III.

### Analysis

Defendants move to dismiss the complaint on the grounds that (1) the Eleventh Amendment bars monetary claims against a state; (2) Plaintiffs fail to state a claim under § 1985; (3) Plaintiff Roberto Torres fails to state a cognizable claim; (4) there are no cognizable claims against Defendant Figueroa; (5) Defendants are entitled to qualified immunity; and (6) we should not exercise supplemental jurisdiction over Plaintiffs' Puerto Rico claims. Docket Document No. 20. We examine each of these arguments in turn.

**A.   Eleventh Amendment**

Defendants argue that Eleventh Amendment sovereign immunity bars Plaintiffs' claims against Defendant Municipality of Yauco and its employees, Vélez, Viera, Caraballo, and Figueroa, in their official capacities. Docket Document No. 20.

The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States by citizens of another State." U.S. Const., amend. XI; see also Edelman v. Jordan, 415 U.S. 651, 663 (1974) (stating that "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State"). The main purpose of the Amendment "is to minimize federal courts' involvement in disbursal of state monies." Gotay Sánchez v. Pereira, 343 F. Supp. 2d 65, 72

Civil No. 07-1891 (JAF)                                                    -5-

(D.P.R. 2004). The Eleventh Amendment, accordingly, also bars suits for monetary relief against state officers in their official capacities because the state treasury would pay the damages. Ford Motor Co. v. Dep't of the Treasury, 323 U.S. 459, 464 (1945).

"For Eleventh Amendment purposes, the Commonwealth [of Puerto Rico] is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." Gotay Sánchez, 343 F.Supp. at 71-72 (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct and Sewer Auth., 991 F.2d 935 (1st Cir. 1993)); see also Espinal-Domínguez v. Puerto Rico, 352 F.3d 490, 493-94 (1st Cir. 2003). Because "a state only has existence through its instrumentalities that carry out its functions and establish its public policy . . . suits brought against non-autonomous instrumentalities of the state [are] considered suits against the state itself." Padilla Cintrón v. Roselló González, 247 F. Supp. 2d 48, 57 (D.P.R. 2003).

Defendants have not presented any evidence to demonstrate that Yauco's police department is an arm of the Commonwealth. Docket Document No. 20. We, therefore, find that the Eleventh Amendment does not bar Plaintiffs' claims against the Municipality of Yauco and its employees in their official capacities. Auer v. Robbins, 519 U.S. 452, 456 (1997) (finding that the St. Louis police department was not an arm of the state for purposes of the Eleventh Amendment because the city, not the state, was responsible for its financial liabilities).

**B.   Section 1985**

Defendants argue that Plaintiffs have failed to state a claim under § 1985 because Plaintiffs have not alleged that Defendants conspired to discriminate against them as members of a distinct, suspect class. Docket Document No. 20.

To state a claim under § 1985(3), Plaintiffs must allege the existence of:

> (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

To meet the requirements of the second prong, Plaintiffs must allege specific facts showing that the Defendants' conspiracy was rooted in some "class-based, invidiously discriminatory animus." Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975) (internal quotation marks omitted) (quoting and applying Griffin v. Breckenridge, 403 U.S. 88, 99 (1971)); accord Aulson, 83 F.3d at 4. "To assess whether a person or identifiable group is a protected class falling within the scope of § 1985(3)'s protections," we consider whether they "would be subject to heightened scrutiny under the Equal Protection Clause." Piacenti v. Levangie, 998 F. Supp. 86,

Civil No. 07-1891 (JAF)                                                      -7-

91 (D. Mass. 1998) (citing Libertad v. Welch, 53 F.3d 428, 448 (1st Cir. 1995)).

Plaintiffs Ramón and Roberto Torres have not alleged that they belong to an identifiable, suspect class. Docket Document No. 1. We, therefore, dismiss Plaintiffs' Ramón and Roberto Torres' § 1985 claims. See Aulson, 84 F.3d at 6-7.

Plaintiffs allege that Plaintiff Ricardo Torres suffers from schizophrenia. Docket Document No. 1. The mentally ill, however, are not a suspect or quasi-suspect class under the equal protection clause. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 445-46 (1985). We, therefore, also dismiss Plaintiff Ricardo Torres' § 1985 claim.

**C.   Roberto Torres' Claims**

Defendants assert that Plaintiff Roberto Torres has failed to allege that he personally suffered any constitutional violations. Docket Document No. 20.

Under § 1983, persons acting under color of state law are liable for subjecting any citizen or person within the jurisdiction of the United States to "the deprivation of any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983.

In the complaint, Plaintiffs state that Roberto Torres attempted to stop the confrontation between the officers and Plaintiff Ricardo Torres and that Defendant Caraballo asked him not to intervene. Docket Document No. 1. Plaintiffs have not alleged any constitutional

violations with regard to this interaction. Id.  We, therefore, dismiss Plaintiff Roberto Torres' claims in their entirety.

### D.   Claims Against Defendant Figueroa

Defendants argue that we should dismiss the claims against Defendant Figueroa because Plaintiffs have failed to make any specific allegations against him. Docket Document No. 20. The complaint is, in fact, void of any mention of acts committed by Figueroa. Docket Document No. 1. We, therefore, dismiss the claims against him.

### E.   Qualified Immunity

Defendants assert that Defendants Vélez, Viera, and Caraballo are entitled to qualified immunity. Docket Document No. 20.

Qualified immunity protects state officials from the burden of standing trial or facing other onerous aspects of litigation. Saucier v. Katz, 533 U.S. 194, 200 (2001). "The reach of this doctrine is long, but not infinite." Pagan v. Calderon, 448 F.3d 16, 31 (1st Cir. 2006).

To determine whether Defendants are entitled to qualified immunity, we consider whether (1) "the plaintiff's allegations, if true, establish a constitutional violation," (2) "the constitutional right at issue was clearly established at the time of the putative violation"; and (3) "a reasonable officer, situated similarly to the defendant, would have understood the challenged act or omission to contravene the discerned constitutional right." Id. Qualified

Civil No. 07-1891 (JAF)                                                      -9-

immunity, thus, "safeguards even unconstitutional conduct if a reasonable officer at the time and under the circumstances surrounding the action could have viewed it as lawful." Jordan v. Carter, 428 F.3d 67, 71 (1st Cir. 2005).

Plaintiffs allege violations of their Fourth, Fifth, and Fourteenth Amendment rights. Docket Document No. 1. We examine each of these allegations in turn.

**1.   Fourth Amendment**

Plaintiffs allege that Defendants Viera and Vélez violated Plaintiff Ricardo Torres' Fourth Amendment right to protection from excessive force by striking him in the face with a set of handcuffs after they had already subdued and handcuffed him. Docket Document No. 1.

The Fourth Amendment protects people "against unreasonable searches and seizures." U.S. Const. amend. IV. "To establish a Fourth Amendment violation based on excessive force, a plaintiff must show that the defendant employed force that was unreasonable under the circumstances." Jennings v. Jones, 479 F.3d 110, 119 (1st Cir. 2007). We judge reasonableness "from the perspective of a reasonable officer on the scene." Graham v. Connor, 490 U.S. 386, 396 (1989).

We find that Plaintiffs' allegations, if true, constitute a clearly-established constitutional violation that a reasonable officer would have understood to contravene the Fourth Amendment's protections. See Headwaters Forest Def. v. County of Humboldt, 276

F.3d 1125, 1130 (9th Cir. 2002) (finding the use of pepper spray against non-violent protesters unreasonable because "the protesters were sitting peacefully, were easily moved by the police, and did not threaten or harm the officers"); Vinyard v. Wilson, 311 F.3d 1340, 1348 (11th Cir. 2002) (finding excessive force when officer bruised and pepper sprayed female suspect who was handcuffed in back of patrol car); Park v. Shiflett, 250 F.3d 843, 853 (4th Cir. 2001) (finding excessive force where officers threw non-threatening couple against the wall and on the ground, used pepper spray against them, handcuffed and arrested them). We, therefore, find that Defendants Vélez and Viera are not entitled to qualified immunity from Plaintiff Ricardo Torres' Fourth Amendment claim of excessive force.

### 2. **Fifth and Fourteenth Amendments**

Plaintiffs Ramón and Ricardo Torres allege violations of their due process rights under the Fifth and Fourteenth Amendments of the Constitution. Docket Document No. 1. Because the Fifth Amendment applies to the federal government and Plaintiffs' claims are directed at Commonwealth actors, we analyze Plaintiffs' due process allegations under the Fourteenth Amendment. U.S. Const. amend. V.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of the law." U.S. Const. amend. XIV, § 1. "To state a claim for a violation of procedural due process, a plaintiff must (1) assert a protected property or liberty interest, and (2) show that state action deprived

Civil No. 07-1891 (JAF)                                              -11-

her of that interest without due process of law." <u>Siaca v. Autoridad de Acueductos y Alcantarillados de P.R.</u>, 160 F. Supp. 2d 188, 202 (D.P.R. 2001).

Plaintiffs allege that they were incarcerated for two days before Defendants brought them before a judge. <u>Docket Document No. 1</u>. Plaintiffs have failed to establish, however, that a delay of two days between their arrest and their appearance before a judge contravenes a protected liberty interest. <u>Id.</u> We, therefore, find that Plaintiffs have failed to allege a violation of their due process rights and dismiss Plaintiffs' claims under the Fifth and Fourteenth Amendments. <u>Siaca</u>, 160 F. Supp. 2d at 202.

**F.   Supplemental Claims**

Having retained some of Plaintiffs' federal claims, we choose to exercise supplemental jurisdiction over Plaintiffs' Puerto Rico claims pursuant to 28 U.S.C. § 1367(a).

**IV.**

**Conclusion**

For the aforementioned reasons, we hereby **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), <u>Docket Document No. 20</u>. We retain Plaintiff Ricardo Torres' § 1983 claim based on a violation of his Fourth Amendment rights against Defendants Vélez and Viera in their official

Civil No. 07-1891 (JAF)                                              -12-

and personal capacities and Plaintiffs' Puerto Rico claims. We **DISMISS** all other claims **WITH PREJUDICE**.

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, this 23rd day of July, 2008.

```
                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge
```